1  Robert F. McCauley, State Bar No. 162056
   FINNEGAN, HENDERSON, FARABOW,
2    GARRETT & DUNNER, L.L.P.
   Stanford Research Park
3  700 Hansen Way
   Palo Alto, California  94304
4  Telephone:  (650) 849-6600
   Facsimile:  (650) 849-6666
5
   Christopher P. Isaac (*pro hac vice*)
6  Patrick J. Coyne (*pro hac vice*)
   Jeffrey A. Berkowitz (*pro hac vice*)
7  Alan A. Wright (*pro hac vice*)
   FINNEGAN, HENDERSON, FARABOW,
8    GARRETT & DUNNER, L.L.P.
   Two Freedom Square
9  11955 Freedom Drive
   Reston, VA  20190
10 Telephone:  (571) 203-2700
   Facsimile:  (202) 408-4400
11
   Attorneys for Plaintiffs,
12 TELESHUTTLE TECHNOLOGIES, LLC,
   TELESHUTTLE CORPORATION, and
13 BTG INTERNATIONAL INC.

14

15                    IN THE UNITED STATES DISTRICT COURT

16                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                              SAN FRANCISCO DIVISION

18

| | |
|---|---|
| TELESHUTTLE TECHNOLOGIES, LLC, TELESHUTTLE CORPORATION, and BTG INTERNATIONAL INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION and APPLE COMPUTER, INC., <br><br> Defendants. | CASE NO. C 04-2928 CRB <br><br> **FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

                                   1
                                                    FIRST AMENDED COMPLAINT
                                                    CASE NO: C 04-2928 CRB

Plaintiffs Teleshuttle Technologies, LLC, Teleshuttle Corporation, and BTG International Inc., (collectively "BTG"), by their undersigned attorneys, allege in their Complaint against Defendants Microsoft Corporation ("Microsoft") and Apple Computer, Inc. ("Apple") as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*., and in particular under the provisions of 35 U.S.C. § 271.

2. BTG seeks relief from Defendants' willful violation of BTG's patent rights under U.S. Patent No. 6,557,054 as set forth more fully below.

3. BTG seeks relief from Defendants' violation of BTG's patent rights under U.S. Patent No. 6,769,009 as set forth more fully below.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Microsoft has facilities in both San Francisco and Mountain View, California, regularly conducts business in California, is registered to do business in California, and has appointed as its registered agent CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

6. Upon information and belief, this Court has personal jurisdiction over Microsoft.

7. Upon information and belief, Apple has its corporate headquarters at 1 Infinite Loop, Cupertino, CA 95014, is registered as a California Corporation, regularly conducts business in California, and has appointed as its registered agent CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

8. Upon information and belief, this Court has personal jurisdiction over Apple.

9. Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

### THE PARTIES

10. Plaintiff Teleshuttle Technologies, LLC, is a limited liability company organized under the laws of the State of New York, with its place of business at 20 East 9th Street, New York, New York, 10003.

11. Plaintiff Teleshuttle Corporation is a New York corporation, having its place of business at 20 East 9th Street, New York, New York, 10003.

12. Plaintiff BTG International Inc. is a Delaware corporation, having its principal place of business at Five Tower Bridge, 300 Barr Harbor Drive, 7th Floor, West Conshohocken, PA 19428-2998.

13. Upon information and belief, Defendant Microsoft Corporation is a Washington corporation, having its principal place of business at One Microsoft Way, P.O. Box 97017, Redmond, WA 97017.

14. Upon information and belief, Defendant Apple Computer, Inc., is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

15. U.S. Patent No. 6,557,054, ("the '054 patent"), entitled "Method and System for Distributing Updates by Presenting Directory of Software Available for User Installation That is Not Already Installed on User Station" was duly and legally issued on April 29, 2003, by the United States Patent and Trademark Office. A true and correct copy of the '054 patent is attached hereto as Exhibit A.

16. U.S. Patent No. 6,769,009, ("the '009 patent"), entitled "Method and System for Selecting a Personalized Set of Information Channels" was duly and legally issued on July 27, 2004, by the United States Patent and Trademark Office. A true and correct copy of the '009 patent is attached hereto as Exhibit B.

17. Teleshuttle Technologies, LLC, is the owner, by assignment, of the '054 and '009 patents.

18. Teleshuttle Corporation is an exclusive licensee of the '054 and '009 patents from Teleshuttle Technologies, LLC.

19. BTG International Inc. is the exclusive sublicensee of the '054 and '009 patents from Teleshuttle Corporation.

20. Upon information and belief, Microsoft is known for its software programs, for example, its "Windows®" line of operating system software. Versions of the Windows® operating

system software products have been sold by Microsoft under a number of different names including, but not limited to: Windows® 95, Windows® 98, Windows® 2000 and Windows® XP. Upon information and belief, Microsoft is also known for its Microsoft Office software applications. Upon information and belief, Microsoft also operates an update website service for its Windows® and Office products.

21. Upon information and belief, Apple manufactures personal computers and the operating systems that run on those computers, such as its OS 9 and OS X operating systems. Upon information and belief, Apple also operates a software updating service website.

22. Upon information and belief, Microsoft has made, sold, and/or offered for sale in the United States, and will continue to make, sell, and/or offer for sale in the United States, software products, including but not limited to, Windows® 95, Windows® 98, Windows® 2000, Windows® XP, Microsoft Office, the Windows® Update website, and/or online extensions of these products, that operate in a manner that infringes, whether directly through Microsoft's use and/or indirectly through Microsoft's contributing to and/or inducement of others' use, one or more of the asserted claims of the '054 patent as set forth more fully below.

23. Upon information and belief, Microsoft has made, sold, and/or offered for sale in the United States, and will continue to make, sell, and/or offer for sale in the United States, software products, including but not limited to, Windows® 95, Windows® 98, Windows® 2000, Windows® XP, Microsoft Office, the Windows® Update website, and/or online extensions of these products, that operate in a manner that infringes, whether directly through Microsoft's use and/or indirectly through Microsoft's contributing to and/or inducement of others' use, one or more of the claims of the '009 patent as set forth more fully below.

24. Upon information and belief, Apple has made, sold, and/or offered for sale in the United States, and will continue to make, sell, and/or offer for sale in the United States, software products, including but not limited to, OS 9, OS X, the Apple software updating website, and/or online extensions of these products, that operate in a manner that infringes, whether directly through Apple's use and/or indirectly through Apple's contributing to and/or inducement of others' use, one or more of the asserted claims of the '054 patent as set forth more fully below.

25. Upon information and belief, Apple has made, sold, and/or offered for sale in the United States, and will continue to make, sell, and/or offer for sale in the United States, software products, including but not limited to, OS 9, OS X, the Apple software updating website, and/or online extensions of these products, that operate in a manner that infringes, whether directly through Apple's use and/or indirectly through Apple's contributing to and/or inducement of others' use, one or more of the claims of the '009 patent as set forth more fully below.

26. Microsoft has been aware of the '054 patent at least since on or about August 22, 2003.

27. Apple has been aware of the '054 patent at least since on or about September 10, 2003.

**FIRST CLAIM FOR RELIEF**

**Microsoft's Infringement of U.S. Patent No. 6,557,054
Under 35 U.S.C. § 271**

28. BTG hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 27 in this Complaint.

29. Defendant Microsoft's actions as described above constitute acts of patent infringement, in violation of 35 U.S.C. § 271, of one or more of the following claims of the '054 patent: 1-7, 9-22, 24-30, 34, 36, 37, 41, 49, 51, 52, 56, 64, 66, 67, 71, 79, 81, 82, 86, 91-97, 99-112, 114-127, 129-142, 144-150, 154, 156, 157, 161, 169, 171, 172, 176, 181-187, 189-202, 204-210, 214, 216, 217, 221, 229, 231, 232, 236, 244, 246, 247, 251, 256-262, 264-277, 279-292, 294-300, 301-307, 309-315, 319, 321, 322, 326, 334, 336, 337, 341, 346-352, 354-360, 362-368, 370-376.

30. The actions of Defendant Microsoft as described above have been willful.

31. Upon information and belief, Defendant Microsoft will continue its willfully infringing activities unless enjoined by the Court.

32. As a direct and proximate result of Defendant Microsoft's willful infringement as alleged above BTG has been damaged and will continue to be damaged unless Defendant Microsoft is enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### Apple's Infringement of U.S. Patent No. 6,557,054
### Under 35 U.S.C. § 271

33.   BTG hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 27 in this Complaint.

34.   Defendant Apple's actions as described above constitute acts of patent infringement, in violation of 35 U.S.C. § 271, of one or more of the following claims of the '054 patent: 1-7, 9-22, 24-30, 34, 36, 37, 41, 49, 51, 52, 56, 64, 66, 67, 71, 79, 81, 82, 86, 91-97, 99-112, 114-127, 129-142, 144-150, 154, 156, 157, 161, 169, 171, 172, 176, 181-187, 189-202, 204-210, 214, 216, 217, 221, 229, 231, 232, 236, 244, 246, 247, 251, 256-262, 264-277, 279-292, 294-300, 301-307, 309-315, 319, 321, 322, 326, 334, 336, 337, 341, 346-352, 354-360, 362-368, 370-376.

35.   The actions of Defendant Apple as described above have been willful.

36.   Upon information and belief, Defendant Apple will continue its willfully infringing activities unless enjoined by the Court.

37.   As a direct and proximate result of Defendant Apple's willful infringement as alleged above, BTG has been damaged and will continue to be damaged unless Defendant Apple is enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### Microsoft's Infringement of U.S. Patent No. 6,769,009
### Under 35 U.S.C. § 271

38.   BTG hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 27 in this Complaint.

39.   Defendant Microsoft's actions as described above constitute acts of patent infringement, in violation of 35 U.S.C. § 271, of one or more claims of the '009 patent.

40.   Upon information and belief, Defendant Microsoft will continue its infringing activities unless enjoined by the Court.

41. As a direct and proximate result of Defendant Microsoft's infringement as alleged above, BTG has been damaged and will continue to be damaged unless Defendant Microsoft is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

### Apple's Infringement of U.S. Patent No. 6,769,009
### Under 35 U.S.C. § 271

42. BTG hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 27 in this Complaint.

43. Defendant Apple's actions as described above constitute acts of patent infringement, in violation of 35 U.S.C. § 271, of one or more claims of the '009 patent.

44. Upon information and belief, Defendant Apple will continue its infringing activities unless enjoined by the Court.

45. As a direct and proximate result of Defendant Apple's infringement as alleged above, BTG has been damaged and will continue to be damaged unless Defendant Apple is enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs Teleshuttle Technologies, LLC, Teleshuttle Corporation, and BTG International Inc., pray that this Court enter judgment against Defendants Microsoft Corporation and Apple Computer, Inc., as follows:

A. That Microsoft, its officers, directors, employees, agents, attorneys, privies, successors, and assigns, and all persons and entities acting in concert or participation with it, under its authority or control, or on its behalf, be found to have infringed one or more of the enumerated claims of the '054 patent and be permanently enjoined from further infringement of the '054 patent;

B. That Microsoft, its officers, directors, employees, agents, attorneys, privies, successors, and assigns, and all persons and entities acting in concert or participation with it, under its authority or control, or on its behalf, be found to have infringed one or more of the claims of the '009 patent and be permanently enjoined from further infringement of the '009 patent;

C. That Microsoft's infringement of the '054 patent be found willful;

D. That Plaintiffs be awarded monetary damages for all damages incurred as a result of Microsoft's infringement, increased threefold for willful infringement pursuant to 35 U.S.C. § 284;

E. That Apple, its officers, directors, employees, agents, attorneys, privies, successors, and assigns, and all persons and entities acting in concert or participation with it, under its authority or control, or on its behalf, be found to have infringed one or more of the enumerated claims of the '054 patent and be permanently enjoined from further infringement of the '054 patent;

F. That Apple, its officers, directors, employees, agents, attorneys, privies, successors, and assigns, and all persons and entities acting in concert or participation with it, under its authority or control, or on its behalf, be found to have infringed one or more of the claims of the '009 patent and be permanently enjoined from further infringement of the '009 patent;

G. That Apple's infringement of U.S. Patent No. 6,557,054 be found willful;

H. That Plaintiffs be awarded monetary damages for all damages incurred as a result of Apple's infringement, increased threefold for willful infringement pursuant to 35 U.S.C. § 284;

I. That the Court find this case exceptional, within the meaning of 35 U.S.C. § 285;

J. That Plaintiffs be awarded reasonable attorney fees pursuant to 35 U.S.C. § 285;

K. That Plaintiffs be awarded their costs in this action;

L. That Plaintiffs be awarded pre-judgment and post-judgment interest on all amounts; and,

M. That Plaintiffs be awarded such other relief as this Court may deem just and appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a jury trial on all matters triable by jury.

Dated: September 7, 2004

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By:    /s/ *Robert McCauley*
Robert F. McCauley
Attorneys for Plaintiffs,
TELESHUTTLE TECHNOLOGIES, LLC,
TELESHUTTLE CORPORATION, and
BTG INTERNATIONAL INC.